**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LONE STAR BREWERY DEVELOPMENT, INC., | § | BANKRUPTCY NO. 20-50058-CAG |
| | § | |
| DEBTOR | § | CHAPTER 11 |

---

**DEBTOR'S MOTION TO ESTABLISH SURCHARGE OF PRINCETON CAPITAL CORPORATION'S COLLATERAL FOR PRESERVATION OF SECURED CREDITORS' COLLATERAL UNDER 11 U.S.C. § 506(c)**

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Lone Star Brewery Development, Inc, debtor and debtor-in-possession (the "Debtor") in the above captioned case, by and through its counsel Pulman, Cappuccio & Pullen, LLP, hereby files this *Debtor's Motion to Establish Surcharge of Princeton Capital Corporation's Collateral for Preservation of Secured Creditors' Collateral under 11 U.S.C. § 506(c)* (the "Motion"), and in support of this Motion, the Debtor respectfully represents as follows:

**I.      JURISDICTION, VENUE AND BACKGROUND**

1.      This Court has jurisdiction to consider the Amended Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are 11 U.S.C. § 506(c).

3.      A copy of the proposed order granting the relief requested herein is attached as Exhibit A.

4.      On May 27, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtor owned a 32.25 acre industrial complex located at 500 & 600 Lone Star Blvd., San Antonio, TX 78204 (the "**Property**").  The Property was "single asset real estate" (as defined under Section 101(51B) of the Bankruptcy Code) and the Debtor is a "single asset real estate" entity.

6.      The Debtor's largest creditors are BI 28, LLC ("**BI 28**") and Princeton Capital Corporation ("**Princeton**"), the secured lenders and current holders of various loan documents and deeds of trust.  Debtor scheduled the debt owed to BI 28 at $12,000,000.00 and the debt owed to Princeton at $14,029,003.50.

7.      During the course of the Case, Debtor employed Watchmen Protective Services, LLC ("**Watchmen**") to maintain 24-hour security at the Property.  Since the Debtor had no cash flow to fund the payments, Parkview Capital loaned $20,058.73 on an administrative expense basis. Watchmen also incurred an additional $36,116.54 in post-petition administrative expenses that remain unpaid.

8.      On April 29, 2020, Debtor filed the *Emergency Motion for Authorization to Sell Property of the Estate Pursuant to 11 U.S.C. § 363* (the "Sale Motion"), seeking to sell the Property for $14,450,000 (the "**Purchase Price**") to GrayStreet Acquisitions, LLC ("**Buyer**"). The Court approved the sale at a hearing on April 30, 2020.  The Buyer closed on the purchase on May 1, 2020.

9.      The proceeds from the sale paid off the debt owed to BI 28 in full, as well as other fees and expenses associated with the sale, leaving a balance of $705,852.06 available to pay the second lien of Princeton.  The services of Watchmen were necessary, as they were required by BI 28 in order to obtain additional time to market and sell the Property.  The cost was reasonable given the level of security required for the Property.  Princeton benefitted from the security services provided by Watchmen, as their employment allowed Debtor to obtain more time from BI 28 to market and sell the Property, which led to the surplus available to Princeton.

## II.      RELIEF REQUESTED

10.      The Debtor files this Motion requesting that the Court authorize the Estate to surcharge Princeton for the costs and expenses of $56,175.27 incurred by the Debtor in employing Watchmen to preserve the Collateral. The Debtor's efforts preserved value for Princeton, such that the Debtor should be entitled to recover those costs for the benefit of the Estate under 11 U.S.C. § 506(c).

## III.      AUTHORITIES AND ARGUMENT

11.      Pursuant to section 506(c) of the Bankruptcy Code, a debtor can recover for the benefit of the estate, "the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property."  To recover expenses under section 506(c) of the Bankruptcy Code, the debtor bears the burden of proving the following: "(1) the expenditure was necessary, (2) the amounts expended were reasonable, and (3) the creditor benefitted from the expenses." *In re Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir.1991).

12.      The Fifth Circuit has recently considered a similar surcharge request in the case of *In re Domistyle, Inc.*, 811 F.3d 691 (5th Cir. 2015).  In that case, the trustee incurred

maintenance expenses in connection with preserving a building owned by the debtor that was encumbered by three mortgages. The trustee believed that the building had equity above the three mortgages; however, after spending half a year marketing the property, it was determined that there was no equity in the building, so it was abandoned. The trustee then filed a motion to surcharge the secured creditor for the expenses incurred by the estate for maintenance of the building while the trustee undertook the marketing efforts. The secured creditor objected by asserting that the maintenance expenses were not primarily incurred for the benefit of the secured creditor. The bankruptcy court agreed with the trustee that the maintenance expenses were incurred to preserve the building and granted the request for a surcharge under section 506(c) of the Bankruptcy Code. *Id.* at 695.

13. On appeal, the Fifth Circuit considered the primary argument of the secured creditor that the trustee had failed to establish the last element of the three part test established in *In re Delta Towers* that the "creditor benefitted from the expenses." *Id.* (*quoting In re Delta Towers, Ltd.*, 924 F.2d at 76). The secured creditor asserted that in order to qualify for surcharge the trustee must demonstrate that the expense was incurred with a specific and exclusive intent to benefit of the secured creditor. After considering several cases, the Court rejected the creditor's argument; instead, holding that an expense incurred primarily to preserve or dispose of encumbered property meets the requirement, without the necessity of showing that there was a specific intent to benefit the secured creditor. *Id.* at 698.

14. Additionally, the secured creditor asserted that the trustee failed to quantify the extent to which the secured creditor had actually benefited from the expenses. In considering this argument, the Fifth Circuit noted that the bankruptcy court must find how much benefit the secured creditor actually received stating "As one court has framed the inquiry, in order to

surcharge expenses, the trustee must 'show that absent the costs expended the property would yield less to the creditor than it does as a result of the expenditure.'" *Id.* at 700 (*quoting Brookfield Production Credit Ass'n v. Borron,* 738 F.2d 951, 952 (8th Cir.1984)). The Court of Appeals held that the bankruptcy court had not clearly erred in determining that the value preserved by the trustee equaled the expenses that had been incurred. *Id.* at 701.

15.    In this case, the Debtor is entitled to surcharge Princeton's collateral for $56,175.27. Based on the Debtor's efforts, the Property was able to be sold in amount in excess of the debt owed to BI 28, thus allowing Princeton to recover some value from the sale of the Property. The services provided by Watchmen were necessary to preserve the value of the Property during the process of selling the Property. It was also a necessary component identified by BI 28 to allow the Debtor to hold a sale process through May 1, 2020. Otherwise, the Property would have likely been sold at a foreclosure sale for less than the amount owed to BI 28.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

16.

**WHEREFORE,** the Debtor respectfully requests that the Court grant this Motion and establish a surcharge of $56,175.27 and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Thomas Rice*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Thomas Rice
    Texas State Bar No. 24025613
    trice@pulmanlaw.com
    Amber L. Fly
    Texas State Bar No. 24101761
    afly@pulmanlaw.com

**ATTORNEYS FOR DEBTOR**

{00208231}

6

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed on May 26, 2020, using the Court's CM/ECF System which caused it to be served upon those parties registered in the system as indicated below, and was served via US First Class Mail on the attached service list.

*__Via US First Class Mail__*
Lone Star Brewery Development, Inc.
c/o Keith Smith
Parkview Capital
1233 West Loop South, #1170
Houston, TX 77027

*__Via CM/ECF:__*
*jwolfshohl@porterhedges.com*
Joshua W. Wolfshohl
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, TX 77002

*__Via CM/ECF: slecholop@rpsalaw.com;__*
*amartinez@rpsalaw.com;*
*lchapa@rpsalaw.com*
Stephen Lecholop
Rosenthal Pauerstein, et al.
755 E. Mulberry, Suite 200
San Antonio, TX 78212

*__Via CM/ECF: isaac@markmigdal.com__*
Isaac M. Marcushamer
Mark Migdal & Hayden
80 SW 8th St, Suite 1999
Miami, FL 33130

*__Via CM/ECF: don.stecker@lgbs.com__*
Donald P. Stecker
Linebarger Goggan Blair & Sampson
112 E Pecan St, Suite 2200
San Antonio, TX 78205

*__Via CM/ECF: brian.smith@hklaw.com ,__*
*Brent.mcilwain@hklaw.com*
Brian J. Smith / Brent McIlwain
Holland & Knight LLP
200 Crescent Court Suite 1600
Dallas, TX 75201

*__Via CM/ECF:__*
*USTPRegion07.SN.ECF@usdoj.gov,*
*james.rose@usdoj.gov*
US Trustee's Office
Attn: Jim Rose
615 E Houston, Suite 533
San Antonio, TX 78205

*/s/Thomas Rice*
Thomas Rice

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| LONE STAR BREWERY DEVELOPMENT, INC., | § | BANKRUPTCY NO. 20-50058-CAG |
| | § | |
| DEBTOR | § | CHAPTER 11 |

---

**ORDER APPROVING DEBTOR'S MOTION TO ESTABLISH SURCHARGE OF PRINCETON CAPITAL CORPORATION'S COLLATERAL FOR PRESERVATION OF SECURED CREDITORS' COLLATERAL UNDER 11 U.S.C. § 506(c)**

---

Came on for consideration the *Debtor's Motion to Establish Surcharge of Princeton Capital Corporation's Collateral for Preservation of Secured Creditors' Collateral under 11 U.S.C. § 506(c)* (the "Amended Motion")[1]. Based on the representations made in the Motion, the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Amended Motion.

requested in the Motion requesting the establishment of amounts to surcharge creditors based on the efforts of the Debtor to protect the Property is in the best interest of the Estate and its creditors; (iv) proper and adequate notice of the Motion has been given and no further notice is necessary; (v) no objections to the Motion have been filed; and (vi) based upon the record herein, after due deliberation, good and sufficient cause exists for the granting of the Motion in all respects.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  The expenditures undertaken by the Debtor were necessary in order to protect the Property.

B.  The amounts expended by the Debtor were reasonable to allow the Property to be sold.

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Estate is entitled to surcharge the amount of $56,175.27 from the sale proceeds of the Property before payment of the remaining portion to Princeton Capital Corporation.

**IT IS FURTHER ORDERED** the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###

Order submitted by:
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Thomas Rice
Texas State Bar No. 24025613
trice@pulmanlaw.com
Amber L. Fly
Texas State Bar No. 24101761
afly@pulmanlaw.com
**PULMAN, CAPPUCCIO,**
**PULLEN, BENSON & JONES, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR**
**LONE STAR BREWERY DEVELOPMENT, INC.,**
**DEBTOR**