**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § § § § § | **CHAPTER 7 CASE** |
| **LONE STAR BREWERY DEVELOPMENT, INC.,** | | **CASE NO. 20-50058-CAG** |
| **Debtor.** | | |

**UNOPPOSED MOTION TO EXPEDITE HEARING ON PRINCETON CAPITAL
CORPORATION'S MOTION FOR INTERIM DISTRIBUTION**

Princeton Capital Corporation hereby files this unopposed motion ("Motion to Expedite") requesting an expedited hearing on its Motion Requesting Interim Distribution to Secured Creditor [Docket No. 106] (the "Motion for Interim Distribution"). In support of this Motion to Expedite, Plaintiff represents the following:

**I.
JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider the Motion to Expedite pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 105 and 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014(e) of the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

**II.
RELIEF REQUESTED**

3.  Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title." Bankruptcy Rule 9006

allows the Court to grant the relief requested herein, and Local Rule 9014(e) states that motions to expedite may be granted "for good cause stated in the pleadings."

4. Expedited consideration of Princeton's Motion for Interim Distribution is warranted arising from the circumstances of this case. Princeton is the sole remaining secured creditor of the Debtor and possesses a security interest in all of the Debtor's remaining assets. Over $700,000 remains in the Debtor's bankruptcy estate, and the distribution of such funds has been delayed for over six months after the case was converted from Chapter 11 to Chapter 7. If the hearing on the Motion for Interim Distribution does not occur on an expedited basis, Princeton will continue to miss out on its ability to invest or otherwise use such funds in its ongoing business operations, including its ability to accumulate interest thereon. Such a large amount of money should not be sitting passively with the Chapter 7 Trustee, but instead should be distributed expeditiously to Princeton arising from its security interest.

5. Princeton's counsel conferred with the Chapter 7 Trustee, who is unopposed to expedited consideration of the Motion for Interim Distribution.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Expedite and hold a hearing on the Motion for Interim Distribution on an expedited basis. Plaintiff further requests that the Court grant all further relief to which Plaintiff is entitled.

DATED: November 4, 2020

Respectfully submitted,

*/s/ Stephen K. Lecholop II*
Stephen K. Lecholop II
State Bar No. 24070119
slecholop@rpsalaw.com
Rosenthal Pauerstein
Sandoloski Agather LLP
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

**ATTORNEYS FOR PRINCETON
CAPITAL CORPORATION**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that Princeton's counsel conferred with the Chapter 7 Trustee with regard to the relief requested herein. The Chapter 7 Trustee does not oppose expedited consideration.

*/s/ Stephen K. Lecholop II*
Stephen K. Lecholop II

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November, 2020, in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, a true and correct copy of the foregoing was served upon (i) those parties registered to receive electronic notice via the Court's CM/ECF system, (ii) those parties on service list not otherwise receiving electronic notice via First Class United States Mail, postage prepaid, or (iii) otherwise as follows:

Johnny Thomas, Chapter 7 Trustee
Johnnywthomas@trusteblogs.com
St Paul Square
1153 E Commerce
San Antonio, TX 78205
(210) 226-5888

Via US First Class Mail
Lone Star Brewery Development, Inc. c/o Keith Smith
Parkview Capital
1233 West Loop South, #1170
Houston, TX 77027

Via CM/ECF: jwolfshohl@porterhedges.com
Joshua W. Wolfshohl
Porter & Hedges, LLP
1000 Main Street, 36th Floor Houston, TX 77002
Via CM/ECF: isaac@markmigdal.com

Isaac M. Marcushamer
Mark Migdal & Hayden
80 SW 8th St, Suite 1999
Miami, FL 33130

Via CM/ECF: don.stecker@lgbs.com
Donald P. Stecker
Linebarger Goggan Blair & Sampson 112 E Pecan St, Suite 2200
San Antonio, TX 78205

Via CM/ECF: brian.smith@hklaw.com , Brent.mcilwain@hklaw.com
Brian J. Smith / Brent McIlwain
Holland & Knight LLP
200 Crescent Court Suite 1600
Dallas, TX 75201

Via CM/ECF: USTPRegion07.SN.ECF@usdoj.gov, james.rose@usdoj.gov
US Trustee's Office Attn: Jim Rose
615 E Houston, Suite 533
San Antonio, TX 78205

*/s/ Stephen K. Lecholop II*
Stephen K. Lecholop II